**ORIGINAL**

**FILED JUL 3 0 2010 U.S. COURT OF FEDERAL CLAIMS**

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
BID PROTEST

| | |
|---|---|
| ANGELICA TEXTILE SERVICES, INC. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE UNITED STATES OF AMERICA )<br>)<br>Defendant. )<br>) | 10-496 C<br><br>Civil Action No. _____ |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTIONS FOR A TEMPORARY RESTRAINING ORDER AND INJUNCTIVE RELIEF

Dated: July 30, 2010

Lawrence P. Block
Stinson Morrison Hecker LLP
1150 18th Street, NW
Suite 800
Washington, D.C. 20036
(202) 785-9100 (telephone)
(202) 572-9993 (facsimile)
lblock@stinson.com

*Counsel for Plaintiff*
*Angelica Textile Services, Inc.*



# TABLE OF CONTENTS

Page(s)

QUESTIONS PRESENTED ................................................................................................... 1

INTRODUCTION ................................................................................................................... 1

    I.    FACTS ....................................................................................................................... 2

    II.    STATEMENT OF THE CASE ................................................................................ 3

        A.    The Parties ..................................................................................................... 3

        B.    Summary of Protest Grounds ........................................................................ 3

            1.    Improper Transfer of Requirements to NISH/Ability One. ............. 3

    III.    ARGUMENT ............................................................................................................ 3

        A.    Jurisdiction and Standard of Review ............................................................ 3

        B.    Angelica Likely Will Prevail on the Merits ................................................. 5

            1.    Improper Transfer of Requirements to NISH/Ability One. ............. 5

        C.    Angelica Will Suffer Irreparable Harm ....................................................... 8

        D.    Any Purported Harm to the Agency is Minimal .......................................... 9

        E.    Injunctive Relief is in the Public's Best Interests ........................................ 9

        F.    Security ........................................................................................................ 10

    IV.    CONCLUSION ....................................................................................................... 10

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Akal Security, Inc.*,
  B-244386, Oct. 16, 1991, 91-2 CPD ¶ 336 ................................................................. 7

*Alion Science and Technology Corp. v. United States*,
  74 Fed. Cl. 372 (2006) ................................................................................................ 5

*American Fed'n of Gov't Employees v. United States*,
  258 F.3d 1294 (Fed. Cir. 2001) .................................................................................. 4

*Arko Executive Services, Inc. v. United States*,
  78 Fed. Cl. 420 (2007) ................................................................................................ 7

*Banknote Corp. of Am. v. United States*,
  365 F.3d 1345 (Fed. Cir. 2004) .................................................................................. 3

*Department of the Army - Reconsideration*,
  B-401472.2 ................................................................................................................. 7

*Ellsworth Associates v. United States*,
  45 Fed. Cl. 388 (1999) ................................................................................................ 9

*FMC Corp. v. United States*,
  3 F.3d 424 (Fed. Cir. 1993) ........................................................................................ 5

*Hospital Klean of Texas, Inc.*,
  65 Fed. Cl. 618, 624 (2005) ........................................................................................ 9

*Impresa Construzioni Geom. Domenico Garufi v. United States*,
  238 F.3d 1324 (Fed. Cir. 2001) .................................................................................. 4

*Information Sciences Corp. v. United States*,
  73 Fed. Cl. 70 (2006) .................................................................................................. 8

*Keeton Corrs., Inc. v. United States*,
  59 Fed. Cl. 753 (2004) ................................................................................................ 4

*Kentron Haw., Ltd. v. Warner*,
  480 F.2d 1166 (D.C. Cir. 1973) .................................................................................. 4

*Metcalf Const. Co. v. United States*,
  53 Fed. Cl. 617 (2002) ................................................................................................ 9

*OTI America, Inc. v. United States,*
   68 Fed. Cl. 646 (2005) ................................................................................................8

*Overstreet Elec. Co., Inc. v. United States,*
   47 Fed. Cl. 728 (2000) ..............................................................................................8, 9

*Overton Citizens to Preserve Overton Park, Inc. v. Volpe,*
   401 U.S. 402 (1971) .....................................................................................................4

*Parcel 49C Ltd. P'Ship v. United States,*
   31 F.3d 1147 (Fed. Cir. 1994) .....................................................................................9

*PGBA, LLC v. United States,*
   57 Fed. Cl. 655 (2003) ............................................................................................7, 8

*PGBA, LLC v. United States,*
   60 Fed. Cl. 196 (2004) ................................................................................................8

*Storage Technology Corp. v. CCL Serv. Corp.,*
   94 F.Supp. 2d 697 (D. Md. 2000) ...............................................................................7

*W&D Ships Deck Works, Inc. v. United States,*
   39 Fed. Cl. 638 (1997) ................................................................................................5

**STATUTES**

5 U.S.C. § 706 ....................................................................................................................4

5 U.S.C. § 706(2)(A) ..........................................................................................................4

28 U.S.C. § 1491(b) ...........................................................................................................4

28 U.S.C. § 1491(b)(1) ......................................................................................................4

28 U.S.C. § 1491 (b)(2) .....................................................................................................4

28 U.S.C. § 1491(b)(4) ......................................................................................................4

31 U.S.C. § 3551 ................................................................................................................4

31 U.S.C. § 3551(2)(A) ......................................................................................................4

**OTHER AUTHORITIES**

41 C.F.R. § 51-5 .................................................................................................................6

48 C.F.R. 37.111 ................................................................................................................7

## QUESTIONS PRESENTED

1. Did the Agency's efforts to transfer the requirements currently performed under the Solicitation to NISH/Ability One violate procurement law or regulations?

2. Does the balance of harms weigh in favor of granting Angelica's requests for a Temporary Restraining Order and Preliminary Injunction against the Agency's continuation of the transfer of the requirements to NISH/Ability One prior to a decision on the merits of the protest?

3. Is a Temporary Restraining Order and Preliminary Injunction in the public's best interest?

## INTRODUCTION

Plaintiff Angelica Textile Services, Inc. ("Angelica") has moved the Court to (1) determine that the United States Department of Veterans Affairs ("Agency") violated laws and regulations in transferring a service currently performed under Solicitation No. V247P-212; VA534C05013 ("Solicitation") to NISH/Ability One and to determine that the extension of the contract pursuant to FAR 52.217-8 instead of FAR 52.212-4(c) was unreasonable and violated law and regulation and (2) enjoin the Agency from proceeding with the transfer of the requirements to NISH/Ability One, require a negotiation with Angelica for a price increase for the six month extension and require a full and open competition for the requirements after the expiration of the six month extension.

As set forth below, the requirements for a preliminary injunction are satisfied. An injunction should be issued so that Angelica is allowed to have the merits of its bid protest decided. In light of the authorities and arguments provided below, this evidentiary record warrants entry of a preliminary injunction.

## I.      FACTS

Angelica is the incumbent contractor under the Solicitation and has provided laundry services at a high quality level for five years. Angelica is currently providing laundry services under a six month extension to the Solicitation requested by the Agency.

The Solicitation was scheduled to expire on March 31, 2010. Angelica was told by the Contracting Officer that a six month extension was needed because the Agency needed time to get a new solicitation published for full and open competition for the laundry services requirements. Accordingly, Angelica agreed to a six month extension with no cost increase.

Angelica expected an RFP to be issued by the Agency for a full and open competition. Instead, the Agency has taken steps to move the requirements under the Solicitation to the Ability One Program so a non-profit agency can perform the services currently performed by Angelica.

The Agency would not have been able to move the requirements to NISH/Ability One without the six month extension because the Agency would not have complied with FAR 8.7. The Laundry Service at the locations covered under the Solicitation are not on the Procurement List found at www.jwod/procurementlist and is not a mandatory purchase requirement.

The Agency sought and obtained information from Angelica concerning the specifics of the current requirements under the guise of using the information for the next RFP for full and open competition. Upon information and belief, the Agency instead used that information to start the process of moving future requirements to NISH.

On May 21, 2010, Angelica filed a bid protest before the GAO (B-402907). The protest was dismissed on July 2, 2010.

## II. STATEMENT OF THE CASE

### A. The Parties

Angelica Textile Services, Inc., is a New York corporation, with a principal place of business located at 1105 Lakewood Parkway, Suite 210, Alpharetta, GA 30009. The Defendant is the United States of America, acting through the Department of Veterans Affairs.

### B. Summary of Protest Grounds

#### 1. Improper Transfer of Requirements to NISH/Ability One.

The JWOD Act requires, under certain circumstances, for federal agencies to purchase goods and services that are on the Procurement List maintained by the Committee for Purchase from People Who are Blind or Severely Disabled. The Laundry Services, at the locations currently provided by Angelica, are not on the Procurement List. Therefore, the Agency had no obligation to transfer the requirements to NISH. The Agency decided, at a point of time when it was not feasible without an extension to Angelica's contract, to transfer the requirements under the Solicitation to NISH/Ability One. To allow the time for the transfer to occur, the Agency entered into a six month extension with Angelica pursuant to FAR 52.217-8. Angelica contends that the Agency improperly utilized FAR 52.217-8 to transfer the requirements to NISH/Ability One.

## III. ARGUMENT

### A. Jurisdiction and Standard of Review

This Court reviews this protest under 28 U.S.C. § 1491(b)(1), which confers jurisdiction over "an action by an interested party objecting to…any alleged violation of statute or regulation in connection with a procurement or a proposed procurement." 28 U.S.C. § 1491(b)(1). Angelica, as a prospective bidder for the requirements if properly solicited under full and open competition is an "interested party." *Banknote Corp. of Am. v. United States*, 365 F.3d 1345,

1352 (Fed. Cir. 2004) (holding that the term "interested party" in 28 U.S.C. § 1491(b) has the same meaning as that term is given in 31 U.S.C. § 3551 and thus includes "actual or prospective bidders or offerors whose direct economic interest would be affected by the award of the contract or by failure to award the contract." (quoting *American Fed'n of Gov't Employees v. United States*, 258 F.3d 1294, 1302 (Fed. Cir. 2001)).  *See also* 31 U.S.C. § 3551(2)(A).

      Judicial review in a protest is governed by the Administrative Procedure Act ("APA"), 5 U.S.C. § 706.  *See* 28 U.S.C. § 1491(b)(4) ("In any action under this subsection, the courts shall review the agency's decision pursuant to the standards set forth in section 706 of title 5.").  The APA standard of review requires a court to determine whether an agency's decision is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).  The Court may not "substitute its judgment for that of the agency," *Keeton Corrs., Inc. v. United States*, 59 Fed. Cl. 753, 755 (2004) (quoting *Overton Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 416 (1971), and may overturn an agency's decision only if "the procurement official's decision lacked a rational basis; or…the procurement procedure involved a violation of regulation or procedure." *Impresa Construzioni Geom. Domenico Garufi v. United States*, 238 F.3d 1324, 1332 (Fed. Cir. 2001) (citing *Kentron Haw., Ltd. v. Warner*, 480 F.2d 1166, 1169 (D.C. Cir. 1973)).  If a protestor succeeds in making these showings, the Court "may award any relief that the court considers proper, including declaratory and injunctive relief except that any monetary relief shall be limited to bid preparation and proposal costs." 28 U.S.C. § 1491 (b)(2).

      On a request for a temporary restraining order, the Court must weigh the following four factors:  (1) the plaintiff's likelihood of success on the merits; (2) whether the plaintiff will suffer irreparable harm if the court withholds injunctive relief; (3) whether the balance of hardships to

the irrespective parties favors the grant of injunctive relief; and (4) whether it is in the public interest to grant injunctive relief. *See Alion Science and Technology Corp. v. United States*, 74 Fed. Cl. 372, 374 (2006). "No one factor, taken individually, is necessarily dispositive....[T]he weakness of the showing regarding one factor may be overborne by the strength of the others." *FMC Corp. v. United States*, 3 F.3d 424, 427 (Fed. Cir. 1993). The test is the same for a preliminary injunction. *W&D Ships Deck Works, Inc. v. United States*, 39 Fed. Cl. 638, 647 (1997).

### B. Angelica Likely Will Prevail on the Merits

As discussed herein, Angelica is likely to prevail in showing that the Agency violated requirements in transferring a service currently performed by Angelica to NISH/Ability One through its improper utilization of FAR 52.217-8 and that such action was arbitrary and capricious and not in accordance with law and regulation.

### 1. Improper Transfer of Requirements to NISH/Ability One.

The JWOD Act requires, under certain circumstances, for federal agencies to purchase goods and services that are on the Procurement List maintained by the Committee for Purchase from People Who are Blind or Severely Disabled. The Laundry Services, at the locations currently provided by Angelica, are not on the Procurement List. Therefore, the Agency had no obligation to transfer the requirements to NISH.

The Agency misled Angelica by seeking and obtaining a six month extension (provided at no additional cost by Angelica) to the Solicitation under false pretenses and seeking additional information on the current requirements of work under the Solicitation so the Agency could secretly recommend the transfer of the requirements to NISH.

This action, taken under the circumstances, violates the Competition in Contracting Act and applicable laws and regulations.

41 C.F.R. § 51-5 provides:

> Contracting activities are encouraged to assist the Committee and the central nonprofit agencies in identifying suitable commodities and services to be furnished by nonprofit agencies employing persons who are blind or have other severe disabilities so that the Committee can attain its objective of increasing employment and training opportunities for individuals who are blind or have other severe disabilities. For items which appear to be suitable to be furnished by nonprofit agencies, the contracting activity should refer the candidate commodities and services to the Committee or a central nonprofit agency.

Angelica recognizes the Agency has the ability to refer services and requirements to NISH/Ability One. Angelica believes that the Agency failed to follow the proper procedures in recommending the services currently provided by Angelica to NISH and that the Agency promised to issue an RFP subject to full and open competition for the laundry services in exchange for utilizing a six month extension from Angelica.

In order to facilitate the improper transfer of the services to NISH/Ability One, the Agency invoked FAR 52.217-8 to extend the contract for a six month period.

The Contracting Officer told Angelica that the reason for the extension of the contract on a no cost increase basis was to allow the Agency time to put together an RFP for full and open competition.

Upon information and belief, at the time the Contracting Officer made those statements to Angelica, the Contracting Officer knew that she was going to transfer the requirements to NISH/Ability One and knew that there was a long lead time required to transfer the requirements and to put the requirements on the Ability One Procurement List and to comply with FAR 8.7.

As a result, the Contracting Officer improperly extended the contract pursuant to FAR 52.217-8 for the sole purpose of moving the requirements outside the realm of full and open competition.

The use of FAR 52.217-8 is not unfettered.  The GAO has previously stated:  "The purpose of the contract clause at FAR sect. 52.217-8 is merely to reserve for the agency a right to seek from the contractor--without further negotiation--an additional period of performance beyond the end of a contract period where exigent circumstances create the need for continued performance."  *Department of the Army – Reconsideration*, B-401472.2,  December 7, 2009.  See FAR sect. 37.111; *Akal Security, Inc.*, B-244386, Oct. 16, 1991, 91-2 CPD ¶ 336 at 5."

FAR 37.111 (relevant because it refers to FAR 17.208(f), which, in turn, requires contracts to include 52.217-8) explains the purpose of FAR 52.217-8:

> Award of contracts for recurring and continuing service requirements are often delayed due to circumstances beyond the control of contracting offices. Examples of circumstances causing such delays are bid protests and alleged mistakes in bid. In order to avoid negotiation of short extensions of existing contracts, the contracting officer may include an option clause (*see* 17.208(f)) in solicitations and contracts which will enable the Government to require continued performance of any services within the limits and at the rates specified in the contract.

48 C.F.R. 37.111.  *See also Arko Executive Services, Inc. v. United States*, 78 Fed. Cl. 420 (2007), *aff'd* 553 F.3d 1375 (Fed. Cir. 2009); *PGBA, LLC v. United States*, 57 Fed. Cl. 655, 662 (2003) (similarly describing the purpose of this provision); *Storage Technology Corp. v. CCL Serv. Corp.*, 94 F.Supp. 2d 697, 701 (D. Md. 2000) (same).

Here, the "circumstances beyond the control of the contracting offices" could not properly be the desire to move the requirements to NISH/Ability One.  The reality is that the true purpose of the extension was to forestall a full and open competition to allow the process of a service to be added to the NISH/Ability One procurement list.

Angelica believes that given the Agency statements to the contrary, this use of FAR 52.217-8 and the Agency's attempted transfer of requirements to NISH (which it had no ability to procure when the contract date expired without the extension) was improper.

Given that the requirements are not on the procurement list and that there has been no transition information or guidance provided to Angelica, Angelica is deeply concerned that any replacement contractor will not have the ability to handle the requirements when the extension expires on September 30, 2010. Accordingly, Angelica is concerned that the customers at the Agency will be without service and that Angelica's sterling reputation will be damaged at the customer level.

### C.   Angelica Will Suffer Irreparable Harm

If this Court does not grant the injunction to stay the transfer of the requirements to NISH/Ability One pending its final decision on the merits, Angelica will suffer irreparable harm. A new contract will be entered into between NISH/Ability One and the Agency. On information and belief, NISH/Ability One has identified a non-profit entity to take over the requirements currently performed by Angelica. In this context, irreparable harm is measured by the consequences that will occur if performance is allowed to proceed notwithstanding the pending protest. *See PGBA, LLC v. United States*, 57 Fed. Cl. 655, 664 (2003). The relevant inquiry in assembling irreparable harm is "whether the protestors have an adequate remedy, in the absence of an injunction." *Information Sciences Corp. v. United States*, 73 Fed. Cl. 70, 127 (2006); *OTI America, Inc. v. United States*, 68 Fed. Cl. 646, 659 (2005) (quoting *PGBA, LLC v. United States*, 60 Fed. Cl. 196, 221 (2004), *aff'd* 389 F.3d 1219 (2004); *Overstreet Elec. Co., Inc. v. United States*, 47 Fed. Cl. 728, 743 (2000)).

Without doubt, Angelica would suffer harm due to the potential loss of the ability to compete for the services currently performed by Angelica. The court has recognized such harm in the protest context. *Overstreet Elec. Co.*, 47 Fed. Cl. at 744 (recognizing as irreparable injury the "potential loss of valuable business…derive[ed] from a lost opportunity to compete in a fair competitive bidding process for a contract.").

### D. Any Purported Harm to the Agency is Minimal

The harm to Angelica in the absence of an injunction pending a decision on the merits is clearly greater than any harm to the Government. The only potential harm the Government could plausibly contend it has is general delay to the procurement of the requirements in full and open competition or, if the Government prevails, in the transfer of the requirements to NISH/Ability One. But such delay, other than in exceptional circumstances, will not "warrant a denial of injunctive relief." *Overstreet Elec. Co.*, 47 Fed. Cl. at 744 ("[O]nly in an exceptional case would [such delay] alone warrant a denial of injunctive relief, or the courts would never grant injunctive relief in bid protests.") (citing *Ellsworth Associates v. United States*, 45 Fed. Cl. 388, 399 (1999)). Given that the Agency failed to act in a timely manner in deciding to transfer the requirements to NISH/Ability One and therefore utilized FAR 52.217-8 improperly to achieve its goals, any delay claims by the Army should be viewed accordingly. Therefore, Angelica's harm if an injunction is not issued is far greater than that of the government should an injunction be issued.

### E. Injunctive Relief is in the Public's Best Interests

The public has a strong interest in preserving the integrity of the procurement process by requiring the Government to follow its procurement laws and regulations. *Parcel 49C Ltd. P'Ship v. United States*, 31 F.3d 1147, 1153 (Fed. Cir. 1994); *Hospital Klean of Texas, Inc.*, 65 Fed. Cl. 618, 624 (2005) (granting temporary restraining order, in part, because of overriding public interest in prescribing integrity of procurement process by requiring the government to follow its regulations.); *Metcalf Const. Co. v. United States*, 53 Fed. Cl. 617, 645 (2002) ("[P]laintiff has shown that granting a permanent injunction will serve the public interest by insuring that the solicitation is conducted in accordance with all federal procurement laws….In

granting plaintiff's prayer for relief, public confidence and competition in the federal procurement process will be preserved.") (citation omitted).

Accordingly, the court should grant Angelica's request for a preliminary injunction.

### F.     Security

Because the Agency will suffer no cognizable damage as a result of the statutorily required relief that Angelica seeks herein, the court should not require a bond under Rule 65(c).

### IV.     CONCLUSION

Angelica has made (1) a substantial showing that the Agency's decision to transfer the requirements to NISH/Ability One and decision to utilize FAR 52.217-8 to facilitate the transfer was arbitrary and capricious, an abuse of discretion, and violative of procurement law; (2) demonstrated that the balance of harms weighs in Angelica's favor; (3) that Angelica will be prejudiced if the injunctive relief is not granted and (4) established that granting a temporary restraining order or a preliminary injunction serves the public interest.  The Court, accordingly, should grant Angelica's Motion for a Temporary Restraining Order and Preliminary Injunction and require that the Agency stop any transfer of the requirements currently provided by Angelica under the Solicitation to NISH/Ability One until such time as the Court has rendered a judgment.

Dated: July 30, 2010

Respectfully submitted,

Lawrence P. Block
Stinson Morrison Hecker LLP
1150 18th Street, N.W., Suite 800
Washington, D.C.  20036
(202) 785-9100 (telephone)
(202) 572-9993 (facsimile)
lblock@stinson.com

*Counsel for Plaintiff,*
*Angelica Textile Services, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of Angelica Textile Services, Inc. Memorandum in Support of its Motion for TRO and Preliminary Injunction to be served this 30 day of July, 2010, by electronic mail as follows:

Robin D. Jones
Network Logistics Office (10/N7/NLO)
VA Medical Center
1 Freedom Way
Augusta, GA 30904
Email: robin.jones2@va.gov

Austin Fulk
United States Department of Justice
Civil Division
Commercial Litigation Branch
1100 L Street NW
Washington, DC 20530
Fax: (202) 305-1571
Email: Austin.Fulk@usdoj.gov

Natica Neely
Office of Regional Counsel
G.V. (Sonny) Montgomery VA Medical Center
1500 East Woodrow Wilson Drive
Jackson, MS 39216
Fax: (601) 364-1263
Email: Natica.Neely@va.gov

_____
Lawrence P. Block